# EXHIBIT 1

(Assumption of Original Jurisdiction and Notice of Consolidated Internal Charges Hearing)

SEIU
Stronger Together

MARY KAY HENRY
International President

GERRY HUDSON
International Secretary-Treasurer

NEAL BISNO
Executive Vice President

LUISA BLUE
Executive Vice President

HEATHER CONROY
Executive Vice President

SCOTT COURTNEY
Executive Vice President

LESLIE FRANE
Executive Vice President

VALARIE LONG
Executive Vice President

ROCIO SÁENZ
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave., NW
Washington, DC 20036

202.730.7000

www.SEIU.org

# ASSUMPTION OF ORIGINAL JURISDICTION OVER INTERNAL CHARGES, NOTICE OF CONSOLIDATED HEARING ON INTERNAL CHARGES, APPOINTMENT OF HEARING OFFICER AND RULES OF PROCEDURE

**To:** **Charging Party James Kirkpatrick and Charged Party Richard Hodgson; Charging Parties Sharon Kisling and Clara Thomas and Charged Parties Cherie Mancini, Alfredo Serrano and Deb Springer; Charging Party Amelia Gayton and Charged Party Sharon Kisling; and Charging Party Brenda Marzan and Charged Party Cherie Mancini**

On April 28, 2016, SEIU Healthcare Nevada Local 1107 Trustee and member James Kirkpatrick filed internal charges against local member Richard Hodgson accusing him of violating Article 6, Section 3, Article 7, Section 12B and Article 7, Section 12C of the Local 1107 Constitution and Bylaws. On June 22, 2016, Brother Hodgson asked me to assume original jurisdiction over the charges, pursuant to my authority under Article XVII, Section 2(f) of the SEIU Constitution and Bylaws.

On September 9, 2016, Local 1107 Executive Vice President Sharon Kisling and Local 1107 Trustee Clara Thomas filed internal charges with the International Union against Local 1107 President Cherie Mancini and Local 1107 Trustees Alfredo Serrano and Deb Springer. The charges accuse President Mancini and Trustees Serrano and Springer of violating the following subsections of Article XVII, Section 1 of the SEIU Constitution: (1) (violation of any specific provision of the SEIU Constitution or of the Constitution and Bylaws of the Local Union); (2) (violation of an oath of office); (3) (gross disloyalty or conduct unbecoming a member); (4) (if an officer, gross inefficiency which might hinder and impair the interests of the International Union or the Local Union); (5) (financial malpractice); and (6) (engaging in corrupt or unethical practices or racketeering). In addition, the charges accuse President Mancini and Trustees Serrano and Springer with violating the following provisions of the Local 1107 Constitution: Article 7, Sections 6 and 10A, Article 14, Section 1, and Article 15, Sections 1A(1), (3)-(12) and (16).

Local 1107 Executive Board Member Amelia Gayton filed internal charges against Executive Vice President Kisling at the local level. The charges accuse Sister Kisling of violating the following provisions of the Local 1107 Constitution: Article 7, Section 7(A), Article 8, Sections 1 and 6; Article 15, Sections 1 and 2(B), Article 21, Sections 3(1), 3(2), 3(4), 3(5) and 3(9). On September 10, 2016, Sister Kisling asked the International Union to assume original jurisdiction over the charges, pursuant to Article XVII, Section 2(f) of the SEIU Constitution.

On September 13, 2016, Local 1107 Vice President Brenda Marzan filed internal charges with the International Union against Local 1107 President Mancini. The charges accuse President Mancini of gross misconduct, fiduciary irresponsibility and failing to lead the local in a democratic manner, and allege that President Mancini has violated the following provisions of the local Constitution: Article 7, Sections 6A and 6B5, Article 8, Sections 2B and 2C, Article 11, Section 11C, Article 15, Sections 1(1), 1(3), 1(6) and 2(A), and Article 16, Sections 4, 6 and 10.

Pursuant to my authority under Article XVII, Section 2(f) of the SEIU Constitution, I hereby assume original jurisdiction over all of the internal charges described above and consolidate the internal charges for hearing. In addition, pursuant to Article XVII, Section 2(f), I hereby appoint SEIU International Executive Vice President Carol Nieters as Hearing Officer to conduct the hearing, take evidence on the charges and issue reports and recommendations on the proper disposition of the charges.

The Charging Parties and the Charged Parties have the right to appear at this consolidated hearing to present testimony and other evidence through witnesses and/or documents, and to state their positions on the internal charges. The hearing on the consolidated charges will be held at the times and place as set forth below, in accordance with the Rules of Procedure below.

During the hearing, Hearing Officer Nieters will take evidence on the internal charges. I will make a decision on each set of charges based on the hearing record and the reports and recommendations of Hearing Officer Nieters, pursuant to Article XVII, Section 2(f) of the SEIU Constitution.

**The hearing on the internal charges will take place as follows:**

| | |
|---|---|
| **DATES/TIMES:** | **Saturday, October 29, 2016**<br>**1:30 pm – 5:00 pm**<br><br>**Sunday, October 30, 2016**<br>**10:00 am – until recessed by the Hearing Officer Nieters** |
| **PLACE:** | **Circus Circus Las Vegas**<br>**2880 S. Las Vegas Boulevard**<br>**Las Vegas, NV 89109**<br>**(800) 634-3450** |

**The following Rules of Procedure will be in effect for the hearing, unless amended by Hearing Officer Nieters:**

## RULES OF PROCEDURE FOR CONSOLIDATED HEARING ON INTERNAL CHARGES

1. The hearing is to be conducted as an internal union governance matter under the SEIU Constitution. Carol Nieters, the Hearing Officer, appointed pursuant to my authority under Article XVII, Section 2(f) of the SEIU Constitution, shall preside over the hearing.

2. The parties to the hearing are the Charging Parties (James Kirkpatrick, Sharon Kisling, Clara Thomas, Amelia Gayton and Brenda Marzan) and the Charged Parties (Richard Hodgson, Cherie Mancini, Alfredo Serrano, Deb Springer and Sharon Kisling).

3. The formal rules of evidence will not apply. Hearing Officer Nieters may set reasonable time limits on the presentation of evidence and may make any other rulings necessary and appropriate to assure an orderly, full and fair hearing. All testimony of witnesses will be provided under oath.

4. Only Local 1107 members, assigned Local 1107 staff, assigned International Union staff, counsel to Hearing Officer Nieters, and the court reporter may attend the hearing unless expressly approved by the Hearing Officer.

5. A non-member may testify on a specific issue only if called as a witness by a party to the hearing. If anyone is aware of anyone present in the hearing room who is not a member, or who is not authorized to attend the hearing under these procedures, s/he should immediately bring that to the attention of the Hearing Officer.

6. All persons present in the hearing room will be required to sign in on the designated sheet when they enter the hearing room.

7. If requested, parties will be allowed an opportunity to give a brief opening statement at the commencement of their case and a brief summation at the conclusion of their case, not to exceed three (3) minutes each.

8. Unless Hearing Officer Nieters decides to re-arrange the order described below, the charges will be reviewed in the following order: (a) charges filed by Brother Kirkpatrick against Brother Hodgson; (b) charges filed by Sisters Kisling and Thomas and against Sisters Mancini and Springer and Brother Serrano; (c) charges filed by Sister Gayton against Sister Kisling; and (d) charges filed by Sister Marzan against Sister Mancini. To expedite the proceedings, Charging Parties who have filed internal charges against the same individual may designate one spokesperson to present their cases in a coordinated fashion.

9. With respect to each set of charges, the Charging Party(ies) will proceed first, and the Charged Party(ies) will proceed next.

10. Cross–examination will be allowed within limits, bearing in mind that this is an internal union proceeding and not a formal court proceeding. After each witness has testified, s/he may be questioned by the opposing party(ies). In addition, Hearing Officer Nieters and her counsel may question any of these witnesses. The Hearing Officer may limit cross-examination that is unnecessary or inappropriate.

11. Reasonable opportunity for rebuttal by the parties will be allowed at the discretion of Hearing Officer Nieters.

12. Hearing Officer Nieters reserves the right to exclude testimony that is irrelevant and to limit testimony that is undisputed, cumulative or duplicative of other evidence.

13. If a party intends to offer written materials into the record, four (4) copies should be prepared.

14. A certified court reporter will transcribe the hearing, which will be the official transcript of the proceeding. Any party who wishes to obtain a copy of the transcript must make arrangements with the court reporter directly. No other means of audio recording, video recording or photography will be permitted.

15. If she deems it necessary, following the closure of the hearing, Hearing Officer Nieters may leave the record open for a period of time for the parties to submit written post-hearing briefs. The period of time within which to submit briefs will be announced by the Hearing Officer before the end of the hearing.

16. After the closure of the record, Hearing Officer Nieters will issue her reports and recommendations, orally and/or in writing, to me on the internal charges. Thereafter, based on the hearing record and the reports and recommendations of Hearing Officer Nieters, I will make the final decision on the internal charges, pursuant to Article XVII, Section 2(f) of the SEIU Constitution.

Dated this 17th day of October, 2016.

Mary Kay Henry
International President

cc: Carol Nieters, Hearing Officer
Neal Bisno, Executive Vice President
Heather Conroy, Executive Vice President
Leslie Frane, Executive Vice President
Deedee Fitzpatrick, Deputy Chief of Staff

Attachments (4)

Kirkpatrick charges v. Hodgson; Hodgson jurisdiction request (April 28, 2016; June 22, 2016)
Kisling/Thomas charges v. against Mancini, Serrano and Springer (September 9, 2016)
Gayton charges v. Kisling and Kisling jurisdictional request (September 10, 2016)
Marzan charges v. Mancini (September 13, 2016)