# EXHIBIT 2

(Kisling Charges)

September 9, 2016

**SHARON KISLING**

**CLARA THOMAS**

**Charging Party**

**and CHERIE MANCINI**

**ALFREDO SERRANO**

**DEB SPRINGER**

**Charged Party**

RECEIVED SEP 20 2016 BY:

**Attention**: Gerry Hudson, SEIU Secretary-Treasurer

We, Sharon Kisling and Clara Thomas, on behalf of the majority of members of SEIU Nevada Local 1107's executive board are charging President Cherie Mancini and Trustees Alfredo Serrano and Deb Springer with the following:

**International Constitution & Bylaws**

**Article XVII Section 1**

**Subsections**

1 Violation of specific provisions of this Constitution or of the Constitution and Bylaws of the Local Union;

2 Violation of an oath of office;

3 Conduct unbecoming a member;

4 Gross inefficiency which may hinder and impair the interests of the International Union or the Local Union;

5 Financial malpractice; and

6 Engaging in corrupt or unethical practices;

We assert that the charges filed against these Officers involve a situation which may seriously jeopardize the interests of the Local Union and the International Union. We request, pursuant to Section 2 subsection e, that the International President suspend such Officers from Office in the Local Union until a decision has been reached.

Numerous legal matters have arisen due to the actions and inactions of President Cherie Mancini and Trustees, Alfredo Serrano and Deb Springer. The aforementioned President and Trustees have not upheld their duties in accordance with Article 7 Officers Section 10A Duties as they were properly notified and included in documented discussions regarding the below violations. President Mancini has instigated divisiveness between private and public sector members of our executive board. Members of the board to include all other At-Large Officers communicate their frustration with these tactics which have led to unproductive meetings of the executive board and our inability to address the business of the local.

**Subsection 1 and 2**

President Mancini does not defer to the Constitution & Bylaws of SEIU Local 1107 and violates specific provisions of the Constitution and Bylaws of the Local Union to include but not limited to:

**Article 7 Section 6.** The President A. Accountability states that "The President of this Local Union shall be accountable to all the members of this Local Union and to the Executive Board and shall report to the Executive Board." President Mancini will not allow herself to be held accountable nor provide accountability to members nor the Executive Board. President Mancini routinely states that she is "The President" and reports to no one; that, in fact, every one reports to her. President Mancini is routinely and consistently unresponsive to communication from members and executive board members. President Mancini indicates her knowledge of B. Duties and that all duties are subject to the policies of the Executive Board and the Constitution & Bylaws. However, based on the absence of policies, she accepts no governance and presents barriers and instigates internal conflict between executive board members which ensures the necessary policies are not put in place.

**Article 14 Section 1** Committees states that "All committees of this Local Union shall be advisory to the Local Union's Executive Board. No action shall be taken by any committee without prior authorization or approval from the Executive Board." The minutes from Executive Board Meeting dated 10/28/15 indicates under New Business that two committees, Staff Bargaining Contract Committee and Staff Hiring Interview Committee, were established. Members of the committees were identified. Recommendations provided by both committees were not presented to the Executive Board and in fact the recommendations did not support the subsequent action by President Mancini on the completion of negotiations with the Staff Union (NSESU) nor the Offer of Employment extended to Alexander Roche, Dana Gentry, Peter Nguyen, Andrea Bond nor Robert Clarke. President Mancini's actions, to date have not been authorized nor approved by the Executive Board. There has been email documentation over the last 90 days advising President Mancini to uphold the Bylaws by presenting the recommendations from the committees to the executive board however President Mancini and Trustees Alfredo Serrano and Deb Springer, when in fact responded, would provide statements that the final decisions lie with the President. This stance is in direct violation of the stated Article.

**Article 15 Section 1 A.** Duties of the President states throughout the local President's duty to administer the affairs of the Local Union and to implement the policies established by the Executive Board and the membership of the Local Union on a day-to-day basis. As earlier referenced, President Mancini indicates her knowledge of this provision. However, based on the absence of policies, she accepts no governance and presents barriers and instigates internal conflict between executive board members which ensures the necessary policies are not put in place.

**Article 15 Section 1 A. subsection 1 and 3.** Cooperate with the Officers of the Local Union to assist them in the performance of their duties, on matters affecting the Local Union, including but not limited to bargaining, organizing activities, political action, and the community interaction. President Mancini does not cooperate with Officers specifically the Executive Vice President, Trustee Clara Thomas, and Clark County, UMC, and St. Rose – San Martin Bargaining Unit elected officials. President Mancini stated on the record for the 8/31/16 Executive Board meeting that she would not authorize assistance for the Bargaining Unit of Renown Hospital who currently have no elected officials seated on the Executive Board and whose membership is at 11%. The Executive Board authorized job postings for Field Organizer and Political Organizer at the June meeting of the Executive Board. Positions were posted on the unionjobs.com website. Since that time, dozens of resumes have been submitted however no interviews have been set. Committee members were told that there were no qualified candidates. EVP

Kisling as did Trustee Clara Thomas requested all resumes and their cover be forwarded by union staff Ken Ubani. Approval for this request was not provided to Mr. Ubani for approximately three weeks.

On July 14, 2016, President Mancini provided an Interoffice Memo, via email to all staff members indicating that "Effective Immediately, any direction given by any Officer of the Union must be approved by the President before the assignment is to be completed". This Memo was not provided to the Executive Board. Subsequently, requests for information and actions by At-Large Officers and members of the Board would receive no response and not be completed. These requests include membership lists used by elected officials to meet the needs of their Bargaining Unit.

On July 19th, an email was sent to Peter Nguyen requesting a master schedule for Organizers so that the EVP could join them during shop visits to assist with growth of the local; to date no response.

On July 26th, President Mancini approved a message to be sent electronically to SEIU membership with a false report that SEIU Nevada was investigating allegations against members of the UMC Bargaining Team. The email blast was sent without any communication to the team for clarification and understanding of negotiated language, of alleged concern, to be provided to their membership for a ratification vote on a new collective bargaining agreement. Letter dated July 31, 2016 was sent to International describing the incident and concerns.

On August 9th, Executive Vice President Sharon Kisling sent an email indicating a review of resumes received based on posting and that qualified candidates were identified and should be extended an interview. To date, there has been no response. On August 9th, Trustee Clara Thomas provided requests in writing which to date, have received no response.

We, labor, are being reminded daily of the political climate and the need to be actively involved for this election cycle and legislative session. However, there has been no organization of interviews for the Political or Field Organizer so that the committee can assess and make recommendations accordingly to the E-Board. Both positions are vacancies that were approved in the prior budget. Instead, a new position to which there was no agreement from the committee, authorization or approval by the executive board was filled with an unqualified applicant recommended by Director Peter Nguyen.

**Article 15 Section 1 A. subsection 4** President Mancini does not hire and fire with prior consultation with the Executive Vice President, assign and direct the Local Union's staff in accordance with any applicable bargaining agreement.... authority and responsibility of the President to implement the direction of the Executive Board and the membership with respect to the daily affairs and business of the Local Union and to manage and supervise any and all staff. There have been numerous violations of this article to include recently negotiated staff union contract, legal matters, new staff positions and salary, budget and spending that have not been brought before the executive board for review and approval in accordance with our Bylaws. An offer of employment letter with a salary well in excess of negotiated wage scale, for Andrea Bond was signed by President Mancini although not approved by the Executive Board.

**Article 15 Section 1 A. subsection 5** President Mancini does not assign and direct, with prior consultation with the EVP on budgetary matters, the Local Union's staff within an operating budget approved by the Executive Board. This concern has been regularly communicated by the EVP Sharon Kisling, Treasurer Sheila Grain and Trustee Clara Thomas.

**Article 15 Section 1 A subsections 6 through 12 and 16**

**Subsection 3**

- President Mancini has been present and allowed Directors to disrespect members and elected officials on the executive board through their conduct, actions and language.
- Statements of concerns and complaints provided by at least seven former employees regarding the conduct and lack of professionalism of SEIU's managerial staff who they consider President Mancini, Director Peter Nguyen, and Lead Organizers.
- On July 26th, President Mancini approved a message to be sent electronically to SEIU membership with a false report that SEIU Nevada was investigating allegations against members of the UMC Bargaining Team. The email blast was sent without any communication to the team for clarification and understanding of negotiated language, of alleged concern, to be provided to their membership for a ratification vote on a new collective bargaining agreement. Letter dated July 31, 2016 was sent to International describing the incident and concerns.

**Subsection 4**

- There have been three (3) or more break ins at the union hall since President Mancini has been in office. Additionally, a vehicle break in was reported at the home of President Mancini, at which time a laptop (union property) were among the stolen items. No action has been taken to protect the local's property through the use of an established and maintained Access Protection system and video surveillance as a measure to prevent further break ins and theft.
- There have been routine complaints from Bargaining Unit employers, Executive Board members, general membership, union staff and attorneys of their not receiving any response to emails and phone calls from President Mancini or Director Peter Nguyen. On July 28th, after another complaint, EVP Sharon Kisling sent an email to discuss the concern and how she may be of assistance. She received no response. Another example includes the receipt of updated policies and request for appointments to seats on negotiated committee boards (Article 29 Group Insurance) from Clark County in February of this year. Information is not properly forwarded to elected officials employed by those Bargaining Units nor action taken to provide labor representation to these boards. A letter from UMC dated July 1, 2016 was sent to Gwen Stevens at the local's address indicating that they had made attempts to contact President Mancini however received no response. The letter was in reference to SB 241 and its effect on current negotiations.
- President Mancini is unprepared at meetings of the Executive Board and will request to send out and /or follow up with business of the local, via email within a day after the meeting. It has been noted that President Mancini will arrive at the next Executive Board meeting without completing the follow up and has not returned the matter to the Agenda under Old Business so that there can be resolve. In particular, the Executive Board provided specific direction, by motion at the February meeting for President Mancini to negotiate a new Fee Agreement with the Urban Law Firm; to date there has been no report that this has been completed. On July 13, 2016 EVP Sharon Kisling met with President Mancini and Director Peter Nguyen to discuss a necessary organizing plan for drop month. Resources to include the use of public sector employees who may be released through Union Bank time, at no cost to the local were discussed. Follow up to the discussion was sent via email on July 14th however to date, President Mancini has only authorized reimbursement for the use of loss time for private sector employees. On July 19th, an email was sent to Peter Nguyen requesting a master schedule for Organizers so that the EVP could join them during shop visits to assist with growth of the local; to date no response. These

gross inefficiencies practice hinders and impairs the interests of the Local Union to address the business of the local.

**Subsection 5**

- Contracts and leasing agreements are being negotiated and in other situations not being maintained and brought before the executive board for approval
- President Mancini provided own approval to be released from work to hold office; salary, compensation and benefits reimbursement without approval by the executive board
- LM-2 Period 1/1/15 through 12/31/15 indicates Total Assets $1,153, 175. And Net Assets $1, 028, 835; current financial report as of July 31, 2016 indicates Total Assets $103, 625.55
- President Mancini authorized Communications Director, Dana Gentry to send a magazine to print of which the budget nor authorization was provided by the Executive Board, in accordance to our Bylaws.
- On 9/8/16, Treasurer Sheila Grain provided concerns of mismanagement of funds; President Mancini is failing to exercise the level of care that a reasonable and prudent person serving as President of the union would use to carry out their duties; and failing to protect union assets
- President Mancini is approving salaries of Bargaining Unit members, outside of the negotiated wage scale based on their years of experience as provided on their resume
- President Mancini is providing all rights and benefits, negotiated by the staff union to Directors without review or approval by the executive board.

**Subsection 6**

- Being present and having knowledge that a Director advised staff in the bargaining unit to break into the office of an elected official
- Unauthorized and unapproved individuals may not work for SEIU Nevada Local 1107. President Mancini did not have a right to hire, according to our Bylaws, without established provisions in the Bylaws being met for proper authorization and approval. Their mere presence during the business of the local and all actions on behalf of membership creates a legal liability for all members of the executive board and the local.
- Background Checks, Employment Verification and Reference Checks are not being completed on new hires although an established past practice under prior Presidents.
- Being aware that an employee is not providing support for members of Renown Hospital – Report on Reno Office and Renown
- Being aware that the nursing chapters across the private sector are not being represented and not providing any plan to address
- There have been several NLRB complaints

- President Mancini was advised in writing, via e-mail, on August 22, 2016 that recent terminations of employees in retaliation would expose our local to enormous liability. She was advised that she was violating federal and state laws in addition to our Bylaws. President Mancini's response was that the advice was "Noted". Subsequently, there have been claims, with merit, to the NLRB, DOL, and Nevada Office of the Labor Commissioner.

Signature: ______________________ 9/9/16

Sharon L. Kisling Date

Executive Vice President

SEIU Nevada Local 1107

(702) 439-8742

______________________ 9/9/16

Clara Thomas Date

Trustee

SEIU Nevada Local 1107

(702) 290-9327

Cc: Patricia Armstrong, SEIU NV Local 1107 Secretary

Sheila Grain, SEIU NV Local 1107 Treasurer

Clara Thomas, SEIU NV Local 1107 Trustee

Valerie Long, SEIU Executive Vice President

Rocio Saenz, SEIU Executive Vice President

Neal Bisno, SEIU Executive Vice President

Luisa Blue, SEIU Executive Vice President

Heather Conroy, SEIU Executive Vice President

Scott Courtney, SEIU Executive Vice President

Leslie Frane, SEIU Executive Vice President

Mary Kay Henry, SEIU President

These charges, in duplicate have been sent via Certified and Regular US Mail to both Gerry Hudson and Patricia Armstrong.