# EXHIBIT 15

(Removal Hearing Transcript)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND GARCIA, et al., Plaintiffs, vs. SERVICE EMPLOYEES INTERNATIONAL UNION, et al., Defendants. | Case No. 2:17-cv-1340-APG-NJK<br>Las Vegas, Nevada<br>Wednesday, June 7, 2017<br>Courtroom 6C, 9:06 a.m.<br>MOTION HEARING<br>C E R T I F I E D C O P Y |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

BEFORE: THE HONORABLE ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE

APPEARANCES:

See next page

COURT REPORTER:

Heather K. Newman, RPR, CRR, CCR #774
United States District Court
333 Las Vegas Boulevard South, Room 1334
Las Vegas, Nevada 89101
(702) 471-0002

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

APPEARANCES:

For the Plaintiffs:

MICHAEL JULIAN MCAVOYAMAYA, ESQ.
4539 Paseo Del Ray
Las Vegas, NV 89121
(702) 299-5083

For the Defendants:

ROTHNER, SEGALL & GREENSTONE
BY: GLENN ROTHNER
JONATHAN MICHAEL COHEN
510 South Marengo Avenue
Pasadena, CA 91101-3115
(626) 796-7555

CHRISTENSEN JAMES & MARTIN
BY: EVAN JAMES
7440 West Sahara Avenue
Las Vegas, NV 89117
(702) 255-1718

LAS VEGAS, NEVADA; WEDNESDAY, JUNE 7, 2017; 9:06 A.M.

--oOo--

P R O C E E D I N G S

COURTROOM ADMINISTRATOR: All rise.

THE COURT: Thank you. Please be seated everyone.

COURTROOM ADMINISTRATOR: Raymond Garcia vs. Service Employees International Union, et al., 2:17-cv-1340-APG-NJK.

Counsel, please note your appearances.

MR. MCAVOYAMAYA: Michael Mcavoyamaya for the plaintiff.

THE COURT: Good morning.

MR. ROTHNER: For the defendants, Glenn Rothner and Jonathan Cohen, Rothner, Segall, Greenstone, and Evan James is our local counsel.

THE COURT: Good morning to the three of you.

MR. JAMES: Good morning, Your Honor.

THE COURT: I set this for a hearing on an expedited basis because there was a Motion for Temporary -- or Preliminary Injunction first. Obviously there was a TRO motion following that and I denied that given that this hearing was already set.

I have read through the filings and so, please don't repeat your arguments from the papers because I've gone through them, but if there are things you want to highlight or some issues you want to address, I'll let you go ahead and start

MR. ROTHNER: Thank you, Your Honor.

I just want to start by talking about the LMRDA, which is a side issue, but I want to explain why we referred to the LMRDA and why we did not remove on the basis of the LMRDA.

The LMRDA is the federal labor law that does provide some regulation regarding the process for implementing trusteeships and their review, including the hearing before members, which in this case will happen very soon.

It has an anti-preemption provision in it, meaning that there is jurisdiction in state court, there is jurisdiction in federal court to challenge the trusteeship as a matter of the violation of the procedural restrictions under the LMRDA unless and until the secretary of labor issues a complaint under his authority and then that is the exclusive vehicle for litigating the matter and it becomes preempted and a matter of jurisdiction in the federal court.

So, we're not there yet. Nothing in that regard has happened. We didn't choose to go under the LMRDA. The only reason we refer to the LMRDA in our papers is that LMRA and the LMRDA share the same definition of labor organizations, employers engaged in commerce and so on under Section 152, 29 U.S.C., and we simply cited a case which stands for the proposition that they can be referred to. And that definition is really the important part of this. So I'm going to leave behind the LMRDA for just a moment.

was -- it was overturned as well. I believe, actually, the case is cited in --

THE COURT: All right. Let's turn --

MR. MCAVOYAMAYA: -- in *Pacific Marine*.

THE COURT: Let's turn to the Preliminary Injunction request, in the event I find I have jurisdiction.

MR. MCAVOYAMAYA: Okay, Your Honor.

THE COURT: Was there a hearing held regarding the imposition of the trustee?

MR. MCAVOYAMAYA: There has not been a hearing held regarding the imposition of the trusteeship, no.

THE COURT: Post-trusteeship, has there been a hearing regarding that?

MR. MCAVOYAMAYA: Not yet.

THE COURT: Mr. Rothner?

MR. ROTHNER: The union has 30 days to do so. It has not taken place yet. It will take place.

THE COURT: That 30 days has expired, however, by now; correct?

MR. ROTHNER: No, it has not.

THE COURT: Wasn't the trustee imposed late April?

MR. ROTHNER: No. The trusteeship was imposed around the middle of May. I can give you a precise date if the Court's concerned.

MR. MCAVOYAMAYA: That -- I don't believe that that

is the case, Your Honor.

THE COURT: My recollection was it was, like, April 28th, but maybe I'm mistaken on that.

MR. ROTHNER: I can . . .

MR. MCAVOYAMAYA: I believe it was April 25th, Your Honor.

THE COURT: Well, April 26th the Report and Recommendation that Ms. Mancini and Ms. Kisling be removed was submitted by Ms. Nieters.

MR. MCAVOYAMAYA: And that was the day of the vote, Your Honor.

They sent -- they did not even notice the members about this, Your Honor. They -- they -- they issued the Report and Recommendation the day that the -- that the local union had its monthly board meeting, the monthly board meeting that is typically open to all members. They closed the board meeting to members --

THE COURT: I -- I got that from your brief.

April 28th, Ms. Henry entered and disseminated an Order of Emergency Trusteeship --

MR. ROTHNER: Okay. I'm sorry, Your Honor. I stand corrected, but --

THE COURT: -- at least according to the plaintiff.

I'm sorry?

MR. ROTHNER: I know that they have been working on

whether or not Peter Nguyen's the chief negotiator and again, what we have here is -- there's another point.

We're talking about irreparable harm, Your Honor, but the plaintiff is not even a member of that bargaining unit. Raymond Garcia is not even employed by Clark County. He's not going to be affected by that collective bargaining agreement. Where is the irreparable harm to plaintiff? There's none.

THE COURT: Address Mr. Mcavoyamaya's argument that because the union -- I'm sorry -- the international has not held that hearing within 30 days after imposition of the trustee, that the trusteeship should be dissolved.

MR. COHEN: Your Honor, the international's Constitution and bylaws is clear that the president can extend the time for holding a hearing.

THE COURT: And you don't know if she's done that or not?

MR. COHEN: I assume that she has, Your Honor, because it hasn't been held within 30 days and -- and the Constitution and bylaws gives her clear and plenary authority to extend the deadline. There's no requirement that it be done pursuant to notice to plaintiff. There's no specific requirement that he cites or is evident in any of the papers that suggests she can't do it by fiat. That's her role. That's her authority.

THE COURT: Isn't there an equally plausible

explanation that everybody just forgot about it or just decided --

MR. COHEN: No, Your Honor. I can assure the --

THE COURT: -- not to have it?

MR. ROTHNER: Could I be heard as long as we're not requiring strict adherence to the Rules of Evidence here?

I know, from my personal communications with the international union, that they have been diligently trying to settle on a date. It involves calendars of some people, including me, and locations and including the availability of a hearing officer. I know that they have a tentative date, which I hesitate to mention --

THE COURT: Understood.

MR. ROTHNER: -- because it's tentative, but I know they have a tentative date.

THE COURT: Okay. All right. Thank you for addressing that.

Mr. Cohen, didn't mean to cut you off.

MR. COHEN: Your Honor, I just want to make one more point about the public interest here.

We cited Ninth Circuit case law to the Court and that's really just the tip of the iceberg. The string cites go on for days about the well-established policy of avoiding unnecessary interference in the internal affairs of unions. And I'm quoting now from the *Motion Picture & Videotape Editors*

(Proceedings adjourned at 11:16 a.m.)

--oOo--

COURT REPORTER'S CERTIFICATE

I, Heather K. Newman, Official Court Reporter, United States District Court, District of Nevada, Las Vegas, Nevada, do hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true, complete, and correct transcript of the proceedings had in connection with the above-entitled matter.

DATED: 6-21-2017 /s/ Heather K. Newman
Heather K. Newman, CCR #774
OFFICIAL FEDERAL REPORTER