MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
4539 Paseo Del Ray
Las Vegas, Nevada 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * *

| | |
|---|---|
| CHERIE MANCINI, individually; and FREDERICK GUSTAFSON as a member, and on behalf of CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION; CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION dba NEVADA SERVICE EMPLOYEES UNION aka Local 1107, a non-profit cooperative corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, a nonprofit cooperative corporation; LUISA BLUE, in her official capacity as trustee; MARY K. HENRY, in her official capacity as Union President; DOES; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-02137-MMD-VCF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

COME NOW, Plaintiffs, CHERIE MANCINI and FREDERICK GUSTAFSON, by and through their attorney of record, MICHAEL MCAVOYAMAYA, ESQ., and hereby Oppose Defendants' Motion to Dismiss.

Dated this 12th day of September, 2017.

/s/ Michael J. Mcavaoyamaya

MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
4539 Paseo Del Ray
Las Vegas, Nevada 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendants' Motion to Dismiss requests, as Defendants have consistently requested in this action, for the Court to ignore their violations of their own SEIU International Constitution, and/or interpret the SEIU Constitution in an unreasonable way so as to support their denial of due process to the Local 1107 membership. Defendants challenge Plaintiffs' first cause of action for improper notice to Plaintiff Mancini alleging that because the LMRDA does not require specific charges, nor specify the manner of service, Plaintiffs have not stated a claim for relief. However, it is not the LMRDA that requires that the charges be served via certified mail and "must specify the events or acts which the charging party believes constitute a basis for charges and must state which subsection(s) of Section 1 of this Article the charging party believes has been violated," but rather the SEIU Constitution. *See* SEIU Constitution, attached as **Exhibit "1,"** at 37.

Defendants also argue that their less than ten (10) day notice to the Local 1107 disbanded executive board members was permissible because the SEIU Constitution did not require a specific time period for noticing the trusteeship hearing. This argument fails because due process requires, at the very least, reasonable notice to the affected parties so that they have an opportunity to defend themselves at the hearing. Because there are material issues of fact regarding these issues, Defendants' Motion to Dismiss is improper and should be denied.

**II.**

**LEGAL ARGUMENT**

**A. Standard Of Review**

When reviewing a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), the Complaint is construed in the light most favorable to Plaintiffs; the allegations of the Complaint are taken as true and all reasonable inferences that can be drawn from the Complaint are drawn in favor of Plaintiff. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2007); *National Audubon Soc.*,

*Inc. v. Davis*, 307 F.3d 835 (9th Cir. 2002). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the law of the regional circuit in which the motion arises is controlling. See *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2009).

The purpose of a motion to dismiss is to test the sufficiency of the Complaint, not to rule on its merits. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In analyzing the motion, the court must accept the well-pleaded allegations as true, and view those allegations in the light most favorable to plaintiff. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 1965. (internal quotations omitted).

"In ruling on a motion to dismiss for lack of standing, the material allegations of the Complaint must be accepted as true, and the Complaint is to be liberally construed in favor of the plaintiff." *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, 2009 U.S. Dist. LEXIS 73871, *15 (N.D. Ill. Aug. 20, 2009) "The Complaint should not be dismissed unless it appears that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Plaintiff has alleged sufficient facts to apprise Defendant of the nature of the claim against them. In the interest of justice, the case should continue to discovery to afford Plaintiff the opportunity to substantiate their allegations.

**B. <u>Plaintiff Mancini Has Sufficiently Plead A Cause Of Action For Insufficient Notice Of The Charges Against Her.</u>**

Defendants seem to argue that the only requirements they must meet in disciplining a union member are the provisions of the LMRDA. Defendants assert that because the LMRDA does not

specify the type of service for disciplinary charges, and only requires notice of the conduct allegedly in violation of the Constitution, Defendants' failure to properly serve Plaintiff Mancini with notice of the charges against her and failure to include the sections of the SEIU and Local Constitutions and conduct allegedly in violation of those sections is not actionable. Defendants are mistaken.

29 U.S.C. §411 is affectionately called the union member "Bill of Rights" and governs, among other things, discipline of members in accordance with the union's constitution and bylaws. *See* 29 U.S.C. §411. 29 U.S.C. § 411(b) is titled "Invalidity of constitution and bylaws" and provides that "[a]ny provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect." 29 U.S.C. § 411(b). While § 411 provides that union constitutional provisions that are inconsistent with the LMRDA are of no force and effect, the LMRDA does not bar a union from providing stricter protections for union members. This is the subject of Plaintiff Mancini's claim under the LMRDA 29 U.S.C. § 411: that Defendants breached their own Constitution by failing to provide sufficient notice of the charges against Mancini in accordance with the rights provided under the SEIU Constitution.

Like trusteeships, union discipline of members must be done in accordance with the union constitution. Indeed, "[i]t is well established that penal provisions in union constitutions must be strictly construed." *Allen v. International Alliance of Theatrical, etc.*, 338 F.2d 309, 316 (5th Cir. 1964).

> 'In determining whether discipline was properly imposed ***any ambiguity or uncertainty in the constitution must be construed against the union and in favor of the member, in accordance with well established principles of documentary construction.*** ' A provision that a specified officer shall have power to interpret the constitution cannot overcome the plain meaning of the language or the rule of strict judicial construction when applied in a penal context, or foreclose the courts from construing the constitution in accordance with that judicial rule of construction. *Gonzales v. International Ass'n of Machinists*, 1956, 142 Cal.App.2d 207, 298 P.2d 92, affirmed, 356 U.S. 617, 78 S.Ct. 923, 2 L.Ed.2d 1018.

*Id.* (emphasis added.)

Here, the SEIU Constitution Article XVII Section 2(a) provides in pertinent part that:

> ***Charges against any member or officer of a Local Union shall be filed in duplicate with the Secretary of the Local Union, who shall serve a copy thereof on the accused either personally or by registered or certified mail, directed to the last known address of the accused, at least 10 days before the hearing upon the charges. The charges must specify the events or acts which the charging party believes constitute a basis for charges and must state which subsection(s) of Section 1 of this Article the charging party believes has been violated.*** If the charges are not specific, the trial body may dismiss the charges either before or at the hearing, but the charging party shall have the right to refile more detailed charges which comply with this Section. No charges may be filed more than six months after the charging party learned, or could have reasonably learned of the act or acts which are the bases of the charges.

*See* **Ex. 1,** at 38 (emphasis added.)

As Defendants have pointed out, Plaintiffs do not dispute that Ninth Circuit precedent regarding 29 U.S.C. § 411 provides that charges need only be specific enough to put the accused party on notice of the conduct he must defend. *See* Defendants' Motion, (#14) at 10:11-17. However, this standard does not alleviate Defendants of their duty to strictly adhere to the procedures in their own constitution when disciplining members. Thus, it is the SEIU Constitution that requires appropriate service of the charges and sufficient notice to allow Mancini to mount a proper defense, and expands what must be included in those charges, ie: the proper sections allegedly violated.

Additionally, Defendants seem to imply that because Mancini was supposedly afforded due process via a fair hearing, she cannot challenge Defendants' procedural failures in conducting that hearing. Defendants cite the report and recommendation issued by Hearing Officer Neiters in support of this contention. However, the Neiters' Internal Charges Report and Recommendation is not the best evidence to prove that Mancini was provided due process. Rather, the transcript from the Internal Charges Hearing and accompanying exhibits would be the best evidence to support this claim, which are in Defendants' sole possession. Plaintiffs have asked Defendants to turn over this transcript as it is relevant to both this case and the state case *Garcia et al. v. SEIU*, 2:17-cv-01340-APG-NJK. Defendants have asserted that they do not feel this evidence is relevant to the latter action despite the transcript being cited to in both the Internal Needs and Internal Charges Reports and Recommendations produced by Hearing Officer Neiters. It is puzzling why

Defendants are so reluctant to turn over the transcript of the Internal Charges Hearing if, indeed, Plaintiff Mancini was afforded due process.

Because there are material issues of fact regarding whether Defendants followed their own constitution and provided due process in the disciplinary proceedings of Plaintiff Mancini, Plaintiff Mancini's cause of action regarding proper notice of the charges should not be dismissed.

**C. <u>Plaintiffs' Eighth Cause Of Action For Insufficient Notice Of The Trusteeship Hearing Has Been Sufficiently Plead Under The LMRDA.</u>**

Defendants take the untenable position that because the SEIU Constitution does not prescribe a specific time period for noticing a local union of a post-imposition trusteeship hearing, they were permitted to provide Local 1107 less than ten (10) days notice of the hearing. However, the SEIU Constitution provides that notice shall be "distributed in a timely fashion." *See* **Ex. 1,** at 20. Because the SEIU Constitution does not prescribe a time period, reasonable timely notice must be determined by the Court.

"Courts have found approximately ten days' notice generally is considered reasonable notice, although the particular circumstances of a case may shorten or lengthen the amount of notice that is considered reasonable." *Lucas v. Breg, Inc.*, 2015 U.S. Dist. LEXIS 164534, *7, 2015 WL 8328696 (S.D. Cal. Dec. 8, 2015); *Mason v. Silva*, 2013 U.S. Dist. LEXIS 74801, *2, 2013 WL 2338720 (S.D. Cal. May 28, 2013) ("What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected"); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687, 1999 U.S. Dist. LEXIS 6340, *10, 44 Fed. R. Serv. 3d (Callaghan) 1359 (D. Nev. Jan. 7, 1999). This general ten day notice rule is widely accepted by the federal courts. *Newman v. Roland*, 1995 U.S. App. LEXIS 19309, *5 (9th Cir. Cal. July 11, 1995) ("Generally, the district court must give the losing party ten days' notice and an opportunity to present new evidence as required by Fed. R. Civ. P. 56(c)"). Further, the SEIU Constitution supports an interpretation of at least ten (10) days notice because the lowest specifically stated time period for noticing parties in the SEIU Constitution is ten days.

Defendants also argue that they were not required under the SEIU Constitution to notice the Local 1107 membership, and that notice sent only to the disbanded executive board is sufficient. While in a normal pre-imposition trusteeship hearing, this would the case, it is not the

case here for a very simple and obvious reason: the Local 1107 executive board positions became vacant upon imposition of the trusteeship. As the Trusteeship Order clearly reflects:

> Further, pursuant to Article VIII, Section 7(b) of the SEIU Constitution, I hereby remove all Local 1107 officers, Executive Board Members, trustees and representatives from their positions as such, and all trustees of trust funds over which the Local Union has the power of appointment.

*See* Trusteeship Order, attached as **Exhibit "2,"** at 3.

Thus, because all the executive board positions were vacant, the Trustee and Deputy Trustee assumed all responsibilities of Local 1107, including the duty to notice the membership of the Trusteeship Hearing. The former Local 1107 executive board members became regular members upon imposition of the trusteeship. This is supported by the SEIU Constitution's trusteeship provisions, which mandate a trusteeship hearing "[i]n order to ensure that no trusteeship is imposed without an adequate right to be heard or without other appropriate safeguards." *See* **Ex. 1**, at 20. Further, the Notice of Trusteeship Hearing itself is addressed "TO: All Members and Former Officers and Executive Board Members of SEIU Local 1107" further supporting the fact that this hearing was supposed to be noticed to the membership at large, not just the former members of the local executive board. *See* Notice of Trusteeship Hearing, attached as **Exhibit "3,"** at 2. At the very least, the SEIU Constitution mandated that SEIU President Henry provide Local 1107 with a fair hearing, which clearly did not happen in this case. Less than ten days notice, and only six working days to assemble more than forty former board members to select a spokesperson and notice the entire membership over a holiday weekend of the hearing was neither reasonable nor fair. Rather, it was a targeted attempt by Defendants to ensure that the least amount of members opposed to the trusteeship would show up to the hearing, and to ensure that Local 1107 was not represented by counsel or a spokesperson who could present evidence and call and cross-examine witnesses at the hearing.

Defendants also assert that because the Notice of Trusteeship Hearing was sent out on July 3, 2017, and the hearing was held on July 13, 2017, they have provided ten days notice. However, like all judicial calculations of time, you "exclude the day of the event that triggers the period." FRCP 6. Thus, only nine days notice was provided to Local 1107. Further, the Notice of

Trusteeship Hearing went out sixty-six (66) days after the imposition of the emergency trusteeship rather than within the thirty (30) day period in the SEIU Constitution and the Trusteeship Order. *See* **Ex. 1,** at 20; *see also* **Ex. "2,"** at 3.

> Consistent with the requirements of Article VIII, Section 7(f) of the SEIU Constitution, I will request that the International Executive Board appoint a hearing officer and that a notice of the hearing be issue in the near future. Pursuant to that provision of the SEIU Constitution, a hearing regarding the SEIU's imposition of an emergency trusteeship over Local 1107 shall be held within thirty (30) days from imposition of this trusteeship.

*See* **Ex. 2,** at 3.

Because Defendants' notice of the hearing was untimely and unreasonably restrictive, and because the hearing was held sixty-six days after imposition of the trusteeship, Defendants cannot excuse their failure to adhere to their own constitution by providing unreasonable interpretations of these provisions to get around their failure to follow their own procedures. Further support that the SEIU's Trusteeship Hearing was intended to deny Local 1107 due process is opposing counsel Glenn Rothner's representation of the International against Local 1107 at the Trusteeship Hearing, which was a conflict of interest arising to malpractice, and has been alleged in the Second Amended Complaint in *Garcia et al. v. SEIU*, 2:17-cv-01340-APG-NJK.

A plaintiff member has standing to sue for violations of their own rights protected by the LMRDA (29 U.S.C. §412), and may also sue asserting the rights of the subordinate labor organization they belong to. 29 U.S.C. § 464 ("Any member or subordinate body of a labor organization affected by any violation of this title (except section 301) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate"). Suits under the LMRDA are thus often compared to shareholder derivative suits. *Phillips v. Osborne*, 403 F.2d 826, 831 (9th Cir. 1968) ("Congress sought to design the procedures by which union members could effectively perform their "policing function" within their organization, it apparently turned to the concept of the shareholders' derivative suit.") Like a derivative suit, the members can sue the organization asserting their own individual rights and the rights of the organization itself.

> A conflict of interest arises when the loyalty of an attorney is compromised or called into question, or affects the attorney's behavior. For example, a conflict of interest may arise when an attorney represents more than one party in the same or similar proceedings, including co-defendants; more than one attorney from the same law firm or legal organization represents co-defendants in an action; an attorney represents a party and a witness at separate proceedings; an attorney is affiliated with the government and there is a prosecution against the client; or an attorney is affiliated with an organization that has adverse interests to the client.

*United States v. Markham*, 2010 U.S. Dist. LEXIS 80812, *19-20 (E.D. Cal. July 1, 2010).

Plaintiffs' counsel represents the members of Local 1107 against SEIU and Local 1107 currently under the control of the appointed Trustee. In contrast, Rothner, Segall & Greenstone represent both SEIU and Local 1107 against the member action as indicated by their filings in *Garcia*, which state that they are "*Attorneys for Defendants Service Employees International Union; Luisa Blue; Mary Kay Henry;* ***Nevada Service Employees Union*** *and Steve Ury*." *See* Defendants' Motion to Dismiss in *Garcia*, attached as **Exhibit "4,"** at 22:25-28. The California Rules of Professional Conduct provide that "[i]n representing an organization, a member shall conform his or her representation to the concept that the client is the organization itself, acting through its highest authorized officer, employee, body, or constituent overseeing the particular engagement." *See* CRPC 3-600. Similarly, the Nevada Rules of Professional Conduct provide that "[a] lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." *See* NRPC 1.13. Thus, because Rothner represents Local 1107 as an organization through its officer, the Trustee Luisa Blue, they owe all the duties to Local 1107 they would owe to any client, including the duty of loyalty, confidentiality, and avoiding conflicts of interest. This is further supported by the fact that defense counsel represented Local 1107 in numerous labor related matters in the past between 2008 and 2013, which defense counsel has confirmed.

On July 13, 2017, Mr. Rothner proceeded to represent SEIU International against Local 1107 in the adversarial trusteeship hearing. *See generally* Trusteeship Hearing Transcript, attached as **Exhibit "5."** At that hearing, Mr. Rothner aided SEIU in denying Local 1107 due process by refusing to allow them to present evidence, call witnesses, cross-examine witnesses, and used

irrelevant confidential information obtained after imposition of the trusteeship against Local 1107 at the hearing. *Id.*

Plaintiffs' counsel contacted defense counsel seeking an explanation for their dual representation in this case, to which Mr. Rothner replied that the local and international unions' interests were aligned, and that the trusteeship hearing "is not an adversarial hearing." However, the Notice of Trusteeship hearing clearly states that "[t]he official parties in this emergency trusteeship hearing are the International President, who will be represented at the hearing by Local 1107's Trustee and Deputy Trustee, and the Local's Executive Board in office at the time of the trusteeship, if the former Local Executive Board chooses to participate." *See* **Ex. 3,** at 3. The LMRDA requires due process in these hearings precisely because they are adversarial, and the local union must be given opportunity to present evidence and call and cross-examine witness. *International Brotherhood of Tel. Workers v. International Brotherhood of Tel. Workers*, 261 F. Supp. 433, 436 (D. Mass. Dec. 15, 1966) ("a hearing at which the right of cross-examination is denied is neither a fair nor a full hearing within the meaning of 29 U.S.C. 464(c)"); *Plentty v. Laborers' International Union*, 302 F. Supp. 332, 340 (E.D. Pa. July 22, 1969) ("a fair hearing for the purposes of § 464 implies at least the procedural requirements of notice, presentation of evidence and witnesses in support of the reasons for imposing the trusteeship with the opportunity for cross-examination, and the opportunity to present evidence in rebuttal").

The trustees at the July 13, 2017 trusteeship hearing were representing SEIU International along with Rothner against Local 1107, his client in a substantially similar matter, and Rothner used confidential information obtained in his representation of Local 1107 against the organization at the hearing constituting a dual representation and a conflict of interests. Rothner's egregious, wanton disregard for the Rules of Professional Conduct and assistance of SEIU and the trustees in denying Local 1107 due process should not be taken lightly. As such, Plaintiffs' counsel has named Rothner and his firm as a Defendant in *Garcia v. SEIU*, and may need to add him as a Defendant in this action. Further, because of his participation in the illegal imposition of this trusteeship, and participation in the trusteeship hearing, he may also need to be called as a witness.

Regardless, his dual representation illustrates the extreme lengths defense counsel and his client will go to deny Plaintiffs due process and supports denial of their Motion to Dismiss.

## III.

## CONCLUSION

Therefore, based on the foregoing, Plaintiffs respectfully request this Court **DENY** Defendants' Motion to Dismiss, and remand this action back to the state court.

Dated this 12th day of September 2017.

/s/ Michael J. Mcavoyamaya

MICHAEL J. MCAVOYAMAYA, ESQ.
Nevada Bar No.: 14082
4539 Paseo Del Ray
Las Vegas, NV, 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of September 2017, the undersigned served the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** on all counsel herein by causing a true copy thereof to be filed with the Clerk of Court using the CM/ECF system, which was served via electronic transmission by the Clerk of Court pursuant to local order.

CHRISTENSEN JAMES & MARTIN
EVAN L. JAMES, ESQ. (7760)
KEVIN B. ARCHIBALD, ESQ. (13817)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com, kba@cjmlv.com
Attorneys for Defendant Service Employees International Union

ROTHNER, SEGALL & GREENSTONE
GLENN ROTHER (PRO HAC VICE)
JONATHAN COHEN (10551)
510 South Marengo Avenue
Pasadena, CA 91101-3115
Tel: (626) 796-7555
Facsimile: (626) 577-0214
Email: grothner@rsglabor.com, jcohen@rsglabor.com
Attorneys for Defendant Service Employees International Union

Dated this 12th day of September, 2017.

/s/ Michael J. Mcavoyamaya

MICHAEL MCAVOYAMAYA, ESQ.
Nevada Bar No.: 014082
4539 Paseo Del Ray
Las Vegas, NV, 89121
Telephone: (702) 299-5083
Mmcavoyamayalaw@gmail.com
*Attorney for Plaintiffs*