UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERIE MANCINI, FREDERICK GUSTAFSON, and CLARK COUNTY PUBLIC EMPLOYEES ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LUISA BLUE, and MARY HENRY,<br><br>Defendants. | Case No. 2:17-cv-02137-APG-NJK<br><br>**ORDER GRANTING IN PART THE DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 14) |

The defendants move to dismiss the first and eighth claims in the plaintiffs' complaint. The defendants argue the first claim under the Labor Management Reporting and Disclosure Act (LMRDA) fails because plaintiff Cherie Mancini received adequate notice of the charges against her before she was removed as president of Local 1107. The defendants contend the eighth claim under the LMRDA fails because the defendants gave adequate notice of the trusteeship hearing. The parties are familiar with the facts of this case and I do not set them out here except where necessary. I grant the motion in part.

**A. Count One**

Count one of the complaint alleges the defendants violated 29 U.S.C. § 411(a)(5) by (1) not serving Mancini personally or by registered or certified mail as required by the SEIU constitution, (2) not adequately identifying the charges against Mancini so she could prepare a defense, and (3) not providing her a full and fair hearing. ECF No. 1 at 8-14. Section 411(a)(5) provides that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined . . . by such organization . . . unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; [and] (C) afforded a full and fair hearing." The LMRDA provides a private right of action for a person whose LMRDA rights have been infringed. 29 U.S.C. § 412.

1. Manner of Service

The defendants argue the allegation that Mancini was not served with the notice of charges personally or by registered or certified mail does not state a claim under the LMRDA. They contend the LMRDA requires only that a union member charged with discipline be served with the charges, but it does not specify the manner. Additionally, the defendants argue Mancini does not, and could not, contend that she did not receive actual notice, and she does not plausibly allege prejudice from the method of service.

The plaintiffs do not respond to this argument and they therefore consent to this portion of the motion being granted. LR 7-2(d). Moreover, the motion is meritorious. The LMRDA requires only that the person being disciplined be "served" with the charges. 29 U.S.C. § 411(a)(5)(A). It does not specify the manner of service. The fact that the SEIU constitution specifies a manner of service does not support an LMRDA claim. *Wellman v. Int'l Union of Operating Eng'rs*, 812 F.2d 1204, 1206 (9th Cir. 1987) ("Even assuming a union fails to follow its own rule, it does not violate the LMRDA unless the violation of its internal rule also contravenes specific prohibitions in the LMRDA."). Finally, the plaintiffs identify no injury from the means by which Mancini was served. *Id.* ("The LMRDA does not allow the recovery of damages for a union's violation of a technical internal rule that does not adversely affect a member's due process rights."). I therefore grant the defendants' motion to dismiss this portion of count one.

2. Content of Notice

The defendants argue the notice Mancini received complied with the statutory requirements. The plaintiffs respond that the LMRDA requires the defendants to follow their own constitution, and the SEIU constitution requires the notice of charges to include specific citations to the provision of the constitution or bylaws with which the disciplined employee is charged. They contend the defendants did not comply with that requirement in the notice Mancini received.

Section 411(a)(5) requires that disciplinary charges be "specific enough to inform the accused member of the offense that he has allegedly committed." *Int'l Bhd. of Boilermakers v. Hardeman*, 401 U.S. 233, 245 (1971) (quotation omitted). The LMRDA does not require that a charge identify the particular provision of a union constitution or bylaw that the plaintiff has allegedly violated, nor must it apply the facts to any particular provision or bylaw. *Johnson v. Nat'l Ass'n of Letter Carriers Branch 1100*, 182 F.3d 1071, 1074-75 (9th Cir. 1999). Rather, the charge must "include a statement of the facts describing the incident on which the charge is based." *Id.* at 1074. An "an informal written statement of facts suffices," and the "level of detail required is that needed to notify the accused of the incidents that form the basis of the charge so that he or she may prepare a defense." *Id.* at 1074-75. Moreover, the charge "does not need to allege facts sufficient to support the charge or the particular elements of the charge. Instead, the goal is to give the accused member notice of the conduct that he or she is expected to defend." *Id.* at 1074 n.5.

Mancini has not plausibly alleged that the notice failed to adequately apprise her of the charges against her. The notice of charges sets forth a sufficient statement of facts describing the UMC bargaining incident, including Mancini's public communication about the alleged malfeasance of the bargaining committee. The individual local union members' charges, which were attached to the notice of charges given to Mancini, identified the UMC incident with sufficient factual detail for Mancini to know what she was accused of and to prepare a defense. ECF Nos. 4-2; 4-3. Those charges included a copy of the letter Mancini sent about the Local investigating allegations against members of the bargaining team. ECF No. 4-3 at 6. That suffices under the LMRDA.

Mancini contends the SEIU constitution requires specification of the provisions that were violated. However, the LMRDA does not, and Mancini has asserted this claim under the LMRDA. Even if violation of the SEIU constitution could support a viable LMRDA claim, the plaintiffs have not plausibly alleged a violation. Mancini takes issue with Hearing Officer Carol Nieters' reference to Article 16, Section 4 of the Local's constitution because although one of the

charges identified this specific provision, it was based on not allowing members to participate in a settlement agreement signed by Mancini in August 2016. ECF No. 4-3 at 2. But Nieters cited the provision in relation to the UMC incident. ECF No. 4-4 at 13, 17, 27. However, Nieters cited the provision in support of other provisions that were contained in the notice of charges. Nieters used Article 16, Section 4's aspiration that collective bargaining should involve members to explain why Mancini's unilateral conduct in relation to the UMC bargaining and the public undermining of the bargaining committee were serious violations. Consequently, the failure to specifically cite that provision in relation to the UMC bargaining charge was neither a violation of the LMRDA nor did it cause injury even if it was a technical violation. *Wellman*, 812 F.2d at 1206.

Finally, Nieters cited to Article 21, Section 3(3) of the Local constitution even though that was not in the notice of charges. But Article 21, Section 3(3) is exactly the same as Article XVII, Section 1(3) of the SEIU Constitution, which was cited in the notice of charges. That does not plausibly state a violation of the LMRDA nor does it allege an injury. I therefore grant the defendants' motion to dismiss this portion of count one.

### 3. Full and Fair Hearing

I read count one to also contain an allegation that Mancini did not receive a full and fair hearing because the charges and evidence were contradictory, she acted in good faith, and the UMC ratification vote took place after collective bargaining ended so she should not have been disciplined for interfering in collective bargaining. The defendants did not move to dismiss count one in relation to these allegations. Consequently, this portion of count one remains pending.

**B. Count Eight**

Count eight of the complaint alleges the defendants breached the SEIU constitution, and thereby violated the LMRDA's trusteeship provisions, by (1) not giving notice of the trusteeship hearing to all Local members, (2) not notifying all former members of the Local's executive board about the hearing, and (3) circulating the notice only nine days before the hearing, which did not allow time for the Local's former board to secure a majority vote to designate a spokesperson to represent it at the hearing.

The defendants argue there is no requirement that all union members receive the notice, nor is there any requirement that the notice be sent ten days prior to the hearing. The defendants also contend there is no prejudice because it is undisputed the two plaintiffs received notice and attended the hearing. In a footnote, the defendants argue that the requirement that the disbanded executive board designate a spokesperson to represent it at the trusteeship hearing also does not violate the LMRDA because nothing in the statute or in the SEIU's constitution precludes that requirement.

The plaintiffs respond that because other provisions of the SEIU constitution require at least ten days for other notices, the trusteeship hearing provision should be interpreted to require at least ten days. As to whether members should be noticed, the plaintiffs argue that because the Local's executive board had been disbanded, the members should have been noticed. The plaintiffs point out that the notice itself is addressed to all members of the Local, not just the former executive board. The plaintiffs further contend that the short notice resulted in the former board not being able to select a spokesperson to represent it at the hearing.

### 1. Notice to Members

Under the LMRDA, "[t]rusteeships shall be established and administered by a labor organization over a subordinate body only in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the subordinate body" and only for specified purposes. 29 U.S.C. § 462. The LMRDA does not specify to whom a notice of trusteeship hearing must be sent. Article VIII, Section 7(f) of the SEIU constitution also does not specify to whom that notice must be sent. ECF No. 1-9 at 21.

The SEIU has interpreted its constitution to mean that notice will be sent to the local union's executive board (either the one in place or the one that was in place at the time an emergency trusteeship was imposed). ECF No. 12-2 at 3. There is nothing unreasonable about that interpretation. *See Busch v. Givens*, 627 F.2d 978, 980 (9th Cir. 1980) ("When the Union officials have offered a reasonable construction of the constitution, and no bad faith on their part has been shown, the courts should not disturb the Union Officials' interpretation." (quotation

omitted)). The notice of the trusteeship hearing in this case was addressed to "members," but nothing in the LMRDA or the SEIU constitution requires notice be sent to all members. The plaintiffs therefore have not stated a plausible claim for either an LMRDA violation or a breach of the SEIU constitution. Consequently, I dismiss this part of count eight.

However, the plaintiffs allege the defendants did not notice all former members of the Local's executive board. ECF No. 29 at 33. The defendants did not move to dismiss this portion of count eight, so it remains pending.

### 2. Timeliness

Article VIII, Section 7(f) of the SEIU constitution states the notice of trusteeship hearing must be sent "in a timely fashion." ECF No. 12-2 at 3. There is no requirement it be sent ten days in advance of the hearing. The plaintiffs rely on the fact that other provisions of the SEIU constitution require at least ten days' notice. Even if that requirement is read into this provision of the SEIU constitution, it was met here. The notice was emailed on July 3. The hearing was on July 13. But even if it is considered only nine days, the plaintiffs have not shown how this was not a sufficiently timely notice for members to attend. Both plaintiffs Mancini and Frederick Gustafson attended the hearing. ECF No. 12-7 at 53 (Gustafson speaking at the hearing), 122 (Mancini). Moreover, the hearing officer allowed members to submit statements up to a week after the hearing. *Id.* at 12. There is no plausible allegation of prejudice to these plaintiffs or other members' ability to attend the hearing or to have their voices heard through a post-hearing statement.

However, the plaintiffs have plausibly alleged that the short timeframe impaired the former executive board's ability to secure a spokesperson to represent it at the hearing.[1] The

---

[1] To the extent count eight alleges the procedure of requiring the former board to appear through a spokesperson is itself a violation of either the SEIU constitution or the LMRDA, the plaintiffs have not plausibly alleged a claim. The LMRDA is silent on who must be allowed to participate in a trusteeship hearing. The SEIU constitution also does not specify who must be allowed to appear. The SEIU presents evidence that it has consistently interpreted its constitution to provide that the parties to the trusteeship hearing are the SEIU president and the local's executive board, which may appear by majority vote through a spokesperson to contest the trusteeship. ECF No. 12-2. This is a reasonable interpretation. Moreover, the notice in this case

notice was given on July 3 before a long holiday weekend.  It is plausible that a forty-person board that had been disbanded due to the trusteeship could not arrange a vote on such short notice.  It is possible that the reason no spokesperson was appointed is because a majority of the board did not want to oppose the trusteeship.  Discovery will bear out why the board did not appoint a spokesperson.  But at this stage of the proceedings, the plaintiffs adequately have alleged the notice was not issued in a timely fashion because it deprived the board of a reasonable opportunity to obtain a spokesperson, and without a spokesperson the board could not present evidence or cross examine witnesses to oppose the trusteeship at the hearing.

Because failure to issue notice in a timely fashion would violate the SEIU constitution, it also would violate the LMRDA's trusteeship provision, which requires the SEIU to follow its own constitution and bylaws when imposing a trusteeship over a subordinate affiliate like Local 1107.  The plaintiffs have alleged more than a technical violation.  They have alleged a violation that may have deprived the Local's former board of due process by impairing its ability to appear at the hearing.  As members of the Local affected by this alleged violation, the plaintiffs have standing to bring suit. 29 U.S.C. § 464.  I therefore deny the defendants' motion to dismiss this portion of count eight.

### C. Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 14) is GRANTED in part** as more fully set forth in this order.

DATED this 25th day of October, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

advised that even without a spokesperson, Local executive board members would be allowed to comment at the hearing. *Id*. at 4.  Additionally, Mancini specifically was given time to speak at the hearing. *Id.*